**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBORAH J. WISNESKI** ) | | |
| on behalf of herself and all others ) | | |
| similarly situated ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. 04-948 | |
| vs. ) | | |
| ) | | |
| **NATIONWIDE COLLECTIONS, INC.** ) | | |
| ) | | |
| ) | **CLASS ACTION** | |
| Defendant. ) | | |
| ) | | |

## ORDER

AND NOW, upon consideration of Plaintiff's Motion for Class Certification (the "Motion") and Memorandum of Law in support thereof, and Defendant's response thereto,

IT IS, this ____ day of _____, 2004, HEREBY ORDERED that the Motion is GRANTED. This action shall be maintained as a class action in accordance with Federal Rule of Civil Procedure 23(b)(2) and (b)(3) pursuant to the following findings of fact:

1. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of this Complaint, Defendant sent the Letter or other communications substantially in the form of the Letter in an attempt to collect a non-business debt, which letter was not returned as undeliverable by the postal service.

2. There are questions of law and/or fact common to the Class, including but not limited to the principal question whether Defendant violated the federal Fair Debt Collection

Practices Act by mailing the letters or written communications substantially in the form of the letter to consumers during the applicable time period.

3. The claims of Plaintiff Deborah Wisneski are typical of the claims of the Class;

4. Plaintiff will fairly and adequately protect the interests of the Class;

5. Defendant has acted or refused to act on grounds generally applicable to the Class;

6. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members;

7. A class action is superior to other available methods for the fair and efficient adjudication of this controversy; and it is further

ORDERED, that Plaintiff Deborah Wisneski is certified as Class representative; and it is further

ORDERED, that excluded from the Class are all officers and directors of the Defendant; and it is further

ORDERED, that James A. Francis and the firm of Francis & Mailman, P.C. shall serve as Class Counsel; and it is further

ORDERED, that Plaintiff shall submit a proposed form of notice to the Class within thirty (30) days of entry of this Order.

 

                                                                                                     _____

                                                             Green, Clifford Scott,      J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH J. WISNESKI** ) | | |
| on behalf of herself and all others ) | | |
| similarly situated ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. 04-948 | |
| vs. ) | | |
| ) | | |
| **NATIONWIDE COLLECTIONS, INC.** ) | | |
| ) | | |
| ) | CLASS ACTION | |
| Defendant. ) | | |
| ) | | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by counsel, hereby moves this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify this action as a class action and Plaintiff Deborah Wisneski as class representative. Plaintiff seeks certification of a class of all persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of the Complaint, Defendant sent debt collection letters or other communications substantially in the form of the letter attached to the Complaint in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service. Excluded from the Class are all officers and directors of the Defendant.

                  Respectfully submitted,
                  **FRANCIS & MAILMAN, P.C.**

       BY: _____
                  JAMES A. FRANCIS, ESQUIRE
                  MARK D. MAILMAN, ESQUIRE
                  JOHN SOUMILAS, ESQUIRE
                  Land Title Building, 19th Floor
                  100 South Broad Street
                  Philadelphia, PA 19110
                  (215) 735-8600
Date: June 1, 2004       Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH J. WISNESKI** ) | | |
| on behalf of herself and all others ) | | |
| similarly situated ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No.  04-948 | |
| vs. ) | | |
| ) | | |
| **NATIONWIDE COLLECTIONS, INC.** ) | | |
| ) | | |
| ) | CLASS ACTION | |
| Defendant. ) | | |
| ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I. PRELIMINARY STATEMENT**

**A.   Background and Nature of the Case**

Plaintiff, by counsel, respectfully submits this memorandum in support of her Motion for Class Certification pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, seeking certification of this action as a class action and Plaintiff Deborah Wisneski as class representative.

This case is a consumer class action brought by a resident of the Commonwealth of Pennsylvania on behalf of consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**B.   Procedural History**

Plaintiff filed a Class Action Complaint (the "Complaint") in this case on March 3, 2004.  Defendant filed its Answer & Affirmative Defenses on May 18, 2004.  Pursuant to the local rules

requiring such a motion to be filed within 90 days of commencement of a class action, Plaintiff now moves for class certification.

**C.**     **The Class**

Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:  All persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of this Complaint, Defendant sent the Letter or other communications substantially in the form of the Letter in an attempt to collect a non-business debt, which letters was not returned as undeliverable by the postal service.

## II.  FACTUAL ALLEGATIONS

The Complaint alleges that Defendant was hired by Fleet National Bank to collect a debt relating to a credit card purchases that was allegedly owed to Fleet National Bank (hereafter the "debt"). The debt at issue arose out of alleged transactions which were primarily for personal, family or household purposes.

On or about December 24, 2003, Defendant wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "Letter") which attempted to coerce Plaintiff into paying the alleged debt.  The Letter opened by warning Plaintiff, *inter alia*, **"The clock is ticking – act now!"** The Letter, *inter alia*, further stated the following: "**UNLESS WE RECEIVE PAYMENT WITHIN 7 DAYS … WE ARE READY TO RECOMMEND ISSUE OF LEGAL PROCEEDINGS IN THE COUNTY COURT WITHOUT FURTHER NOTICE OR DELAY**." The Letter further stated, *inter alia*, that the debt would "**go on your credit report with a Credit Bureau, which could affect your ability to get credit, buy a home or a car.**" The Letter stated further, *inter alia*: "In your own interest, **make payment**

5

**NOW.** Send it with this letter … **in the reply paid envelope enclosed, so that legal action can be prevented**." The signature of the Letter appeared as follows:

> "*Yours sincerely,*
> *Tom Lincoln*
> **LITIGATION MANAGER**"

The letter concluded with the following language that was in smaller font than that appearing in the rest of the Letter:

> *"Unless you dispute the validity of the debt, or any portion thereof, within 30 days from the receipt of this notice, we shall assume the debt to be valid. If you notify us in writing within the 30-day period that the debt, or any portion thereof, is disputed, we shall obtain verification of the debt, or a copy of any judgment and mail a copy to you. Upon written request within the 30-day period we will provide you with the name and address of the original creditor, if different from the current creditor. As the creditor's agent, we have made every effort to verify the basis of the claim. Our organization is attempting to collect a debt and information obtained will be used for that purpose."*

The Letter was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

The Complaint asserts that the Letter was false, misleading and unfair in that it contained language which contradicted, overshadowed and obscured the validation/verification information required by 15 U.S.C. § 1692(g) so as to confuse or make uncertain what the objective least sophisticated consumer's rights are under the law.

Additionally, the Letter was false, misleading and unfair in that it contained the required validation/verification information pursuant to 15 U.S.C. § 1692(g) in a substantially smaller font than that of the other print in the Letter, so as to further confuse or make uncertain what the

objective least sophisticated consumer's rights are under the law.[1] See e.g., Graziano v. Harrison, 950, F.2d 107 (3d.Cir. 1991)

### III. ARGUMENT

A. **General Legal Standards Governing Class Certification**

The Supreme Court has noted that "[c]lass actions serve an important function in our system of civil justice." Gulf Oil Co. v. Barnard, 452 U.S. 89, 99 (1981). "Rule 23 is designed to assure that courts will identify the common interests of class members and evaluate the named plaintiff's and counsel's ability to fairly and adequately protect class interests." In re Prudential Insurance Company America Sales Practice Litigation, 148 F.3d 283, 308 (3d. Cir. 1998) (quoting In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litig., 55 F.3d 768, 799 (3d Cir. 1995), cert. denied, 116 S.Ct. 88 (1995). For a suit to be maintained as a class action under Rule 23, Plaintiff must allege facts establishing each of the four threshold requirements of subsection (a) of the Rule which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

See Wetzel v. Liberty Mut. Ins. Co., 508 F.2d 239, 246 (3d Cir.), cert. denied, 421 U.S. 1011 (1975).

Plaintiff must also allege that this action qualifies for class treatment under at least one of the subdivisions of Rule 23(b). Under Rule 23(b)(2), a class action will be appropriate where

---

[1] The least sophisticated consumer standard is the generally accepted standard for evaluating violations of the FDCPA. See e.g., Wilson v. Quadramed Corporation, 225 F.3d 350 (3d Cir. 2000).

7

"the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Under Rule 23(b)(3), a class action will be appropriate where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Plaintiff bears the initial burden of advancing reasons why a putative class action meets the requirements of Rule 23. However, Plaintiff's burden is not a heavy one. See Piel v. National Semiconductor Corp., 86 F.R.D. 357, 368 (E.D. Pa. 1980). Once a plaintiff has demonstrated a preliminary legal showing that the requirements of Rule 23 have been met, the burden of proof is upon the defendant to demonstrate otherwise. 2 H. Newberg, Newberg on Class Actions (3d ed. 1992) ("Newberg") §7.22 at 7-74 to 7-75. The Third Circuit has long recognized and adopted a liberal construction of Rule 23. See, e.g., Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir.) cert. denied, 398 U.S. 950 (1970) ("The interests of justice require that in a doubtful case … any error, if there is to be one, should be committed in favor of allowing the class action."); Spark v. MBNA Corporation, 178 F.R.D. 431 (D. Del. 1998).

The determinations called for by Rule 23 are questions addressed to the sound discretion of the district court. Gulf Oil Co., 452 U.S. at 100. A decision to grant class certification is not a final order; it may be altered or amended as the case progresses towards resolution on the merits. Fed .R. Civ. P. 23I(1). In determining whether an action may be maintained as a class action, the court is not to conduct an exploration of the merits when deciding upon certification of a class. Eisen v. Carlisle & Jacqueline, 417 U.S. 156, 177-78 (1974); Kahan, 424 F.2d at 168; Williams v. Empire Funding Corp., 183 F.R.D. 428 (E.D. Pa. 1998); Spark v. MBNA

Corporation, supra. Moreover, since class determination is made at the pleading stage of the action, the substantive allegations in the complaint are accepted as true for purposes of the class motion. Eisen, 417 U.S. at 177; Williams, 183 F.R.D. at 439; Stewart v. Associates Consumer Discount Co., 1 F. Supp. 2d 469 (E.D. Pa. 1998).

B. **The Proposed Class Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

Rule 23(a) establishes four prerequisites for the maintenance of a class action:

(1) The class is so numerous that joinder of all members is impracticable;
(2) There are questions of law or fact common to the class;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) The representative parties will fairly and adequately protect the interests of the class.

This action should be certified as a class action because, as discussed below, all of the requirements of Rule 23(a) have been met.

**1. The Class is so numerous that joinder of all members is impracticable**

Rule 23(a)(1) does not require that joinder be impossible; rather, joinder of all members is impracticable when the procedure would be "inefficient, costly, time-consuming, and probably confusing." Ardrey v. Federal Kemper Ins. Co., 142 F.R.D. 105, 111 (E.D. Pa. 1992). This Court may make " a common sense determination" in order to support the finding of numerosity. Maldonado v. Houston, 177 F.R.D. 311, 319 (E.D. Pa. 1997). There is no precise number necessary for class certification. Anderson v. Department of Public Welfare, 1 F. Supp.2d 456, 461 (E.D. Pa. 1998) (quoting Metts v. Houstoun, 1997 WL 688804, at *2 (E.D. Pa. Oct. 24, 1997). In applying this rule, it has consistently been held that joinder is impracticable where the class is composed of hundreds of potential claimants; indeed, impracticability of joinder has

often been found where the class is composed of less than 100 members.[2]

The members of the Class here were recipients of standardized form collection and dunning letters from Defendant, probably numbering in the thousands. See, e.g., Tenuto v. Transworld Systems, Inc., 2000 WL 1470213, *2 (E.D. Pa. Sept. 29, 2000) (83,000 collection letter sent to Pennsylvania consumers during applicable time period). Consequently, it is reasonable to infer that many consumers received the same form collection letter and that joinder of all individuals would be impracticable. Peters v. AT&T Corp., 179 F.R.D. 564, 566-67 (N.D. Ill. 1998). As to the exact number of Class members, Defendant possesses documents which will establish that figure. Clearly, it is impractical and unnecessary to individually join all class members when all of their rights may be determined through a single proceeding. Accordingly, it is indisputable that the numerosity requirement is easily satisfied as to the Class.

### 2. There are questions of law and fact common to the Class

A common question is "one which arises from a 'common nucleus of operative facts' regardless of whether 'the underlying facts fluctuate over the class period and vary as to individual claimants.'" In re Orthopedic Bone Screw Products Liability Litig., 176 F.R.D. 158, 174 (E.D. Pa. 1997). All class members need not share identical claims; "factual differences among the claims of the putative class members do not defeat certification." Baby Neal v. Casey, 43 F.3d 48, 56 (3d. Cir. 1994). Indeed, a single common question is sufficient to satisfy the requirements of Rule 23(a)(2). Prudential, 148 F.3d at 310, quoting Baby Neal v. Casey, 43

---

[2] See e.g., Eisenberg v. Gagnon, 766 F.2d 770, 785-86 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985) (90 class members meets numerosity requirement); Weiss v. York Hospital, 745 F.2d 786, 808 (3d Cir. 1984), cert. denied, 470 U.S. 1060 (1985) (92 class members meets numerosity requirement); Zeffiro v. First Pennsylvania Banking & Trust Co., 96 F.R.D. 567, 569 (E.D. Pa. 1983) (51 class members sufficient); Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452 (E.D. Pa. 1968) (certification of class with 25 members). Professor Newberg maintains that at 40 members, a presumption of numerosity should arise, without regard to other considerations. Newberg, § 3:05 at 3-25 (3d ed. 1995).

F.3d at 56; Anderson, 1 F. Supp.2d at 461 (same).  Courts have typically found a common nucleus of operative facts where, as in the present action, the defendant engaged in standardized conduct toward putative class members.  Prudential, 148 F.3d at 309-310 (Prudential's orchestrated sales presentations, the plaintiffs' common legal theories, Prudential's common defenses, and other common issues undoubtedly satisfy the commonality and predominance requirements); Sanneman v. Chrysler Corporation, 191 F.R.D. 441, 446-447 (E.D. Pa. 2000), relying upon Califano v. Yamasaki, 442 U.S. 682 (1979) ("commonality exists where proposed class members challenge the same conduct of the defendants").

Courts generally find a wide variety of claims may be established by common proof in cases involving similar form documents or standardized procedures or practices.  Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998) (class certified on behalf of all Colorado residents who received standard form debt collection letter); Wilborn v. Dun & Bradstreet Corporation, 180 F.R.D. 347 (N.D. Ill. 1998) (class certified regarding form collection letter); West v. Costen, 558 F. Supp. 564 (W. D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices)

This action is appropriate for class certification because, as set forth in the Complaint, there are questions of fact and law common to the Class.  The principal question is whether Defendant violated the FDCPA by sending the Letter or written communications substantially in the form of the Letter to the consumers during the applicable time period.  A similar FDCPA class action was certified by Judge Waldman in this district, where the court held that where the plaintiff "relies on the same legal predicate and the same facts about the letter and defendant's collection practices as would the proposed class, … [t]his is sufficient to show commonality." Tenuto, supra, at *2.

Each member of the proposed Class is a victim of Defendant's improper debt collection activity and was victimized by the same or substantially similar unfair and deceptive conduct. Accordingly, given the presence of common questions, it is indisputable that Rule 23(a)(2)'s requirement for the existence of common questions of fact or law is satisfied.

### 3. The claims of the representative party are typical of the claims of the Class

Rule 23(a)(3) requires that the claims of the class representatives be "typical of the claims . . . of the class." Fed.R.Civ.P. 23(a)(3). Rule 23(a)(3) and the adequacy of representation requirement set forth in subsection (a)(4) are designed to assure that the interests of unnamed class members will be adequately protected by the named class representatives. See, e.g., General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157 n. 13 (1982); Bogosian v. Gulf Oil Corp., 561 F.2d 434, 449 (3d Cir. 1977), cert. denied, 434 U.S. 1086 (1978). "The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." Prudential, 148 F.3d at 311.

The threshold for establishing typicality is low. Typicality does not require that the claims of the class members be identical. Eisenberg, 766 F.2d at 786. "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class . . ." Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988) (emphasis in original). The measure of whether a plaintiff's claims are typical is whether the nature of plaintiff's claims, judged from both a factual and a legal perspective, are such that in litigating his personal claims he can reasonably be expected to advance the interest of absent class members. See, e.g., Falcon, 457 U.S. at 156-157; Weiss, 745 F.2d at 809-10 n. 36; Scott v. University of Delaware, 601 F.2d 76, 84 (3d Cir.),

cert. denied, 444 U.S. 931 (1979). Under a frequently employed formulation, typicality is demonstrated where the plaintiff can "show that the issues of law or fact he or she shares in common with the class occupy the same degree of centrality to his or her claims as to those of unnamed class members." See Weiss, 745 F.2d at 809-10 n. 36 (citing Donaldson v. Pillsbury, 554 F.2d 825 (8th Cir.), cert. denied, 434 U.S. 856 (1977)).

Where, as here, the Plaintiff alleges a common pattern of wrongdoing, and will present the same evidence (based on the same legal theories) to support both her claims and the claims of the Class members, courts have held the typicality requirement to be satisfied, notwithstanding factual variances in the position of each class member. As held by the Third Circuit in Prudential, where the named plaintiffs, as well as members of the proposed class, all have overarching claims arising from the same fraudulent scheme, the typicality requirement is satisfied regardless of whether different facts underlie each class member's claim. Prudential, 148 F.3d at 311-312. See also, Robinson v. Countrywide Credit Industries, 1997 U.S. Dist. LEXIS 15712 (E.D. Pa. October 8, 1997) (a fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class); Hanrahan v. Britt, 174 F.R.D. 356 (E.D. Pa. 1997) (typicality established where claims of all class members are based on the same systematic conduct and legal theories).

Typicality is even more easily satisfied in a debt collection case such as the one at bar because the claims are based on the nature of the form Letter. Keele v. Wexler, supra (class certified on behalf of all Colorado residents who received debt collection letter from defendant seeking collection fee); Wilborn v. Dun & Bradstreet Corporation, supra (class certified

13

regarding form collection letter that allegedly overshadowed and contradicted required validation notice); West v. Costen, supra (class certified regarding alleged failure to provide required "validation" notices). The issue whether a form collection letter violates the law has repeatedly been held to be a common question that satisfies the Rule 23(a)(2) requirement:

> At issue is whether Defendant's debt collection letter, which are admittedly form letters, contradict or "overshadow" the FDCPA's required 30-day notice and whether they fail to contain the requisite warning for initial communications that the letter was sent in an effort to collect a debt, and that all information obtained would be used to that end. These issues are shared by all class members, and are well-suited to disposal by class action.

Woodard v. Online Information Services, 191 F.R.D. 502, 505 (E.D.N.C. 2000) (certifying class action and entering summary judgment for class on "overshadowing" claim). The Woodard court cited to ten cases from different jurisdictions where classes were certified for claims quite similar to that raised in this case. Woodard, 191 F.R.D. at 506, n.5. Where, as here, the named plaintiff shares at least one question of law or fact with the prospective class, commonality is satisfied. Baby Neal v. Casey, 43 F.3d at 56-58.

The representative Plaintiff is a typical victim of Defendant's improper collection practices. Plaintiff's claims arise out of the same course of conduct, i.e., the use of a form collection letter, and are based on the same legal theories as those of the Class members. The essence of each putative Class member's claim is precisely the same. Accordingly, the common issues necessarily share "the same degree of centrality," Weiss, 745 F.2d at 809-10 n. 36, to the named representatives' claims such that in litigating the liability issues, the representative Plaintiff can reasonably be expected to advance the interests of all Class members toward a favorable determination with respect to each such issue. The claims of the representative Plaintiff are typical of the claims of the Class.

14

### 4. The Plaintiff will fairly and adequately protect the interests of the Class

The requirement of Rule 23(a)(4) is met if it appears that (1) a plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation and (2) a plaintiff's interests are not antagonistic to those of the class she seeks to represent. See, e.g., Prudential, 148 F.3d at 312; Lewis v. Curtis, 671 F.2d 779, 788 (3d Cir.), cert. denied, 459 U.S. 880 (1982). The existence of the elements of adequate representation are presumed and the burden is on the defendant to demonstrate that the representation will be inadequate. Lewis, 671 F.2d at 788.

Both prongs of the "adequacy" test are met here. First, Plaintiff has retained counsel highly experienced in class action litigation to prosecute her claims and those of the Class. Counsel has been certified to represent classes under the FDCPA, as well as other consumer protection laws, by this Court and by courts in other districts. Attached hereto as Exhibit A is a copy of the biographies of Plaintiff's counsel. *See also, Petrolito v. Arrow Financial Services, LLC*, __F.R.D. __, 2004 WL 515761 (D. Conn. 2004); *Orloff v. Syndicated Office Systems, Inc.*, 2004 WL 870691 (E.D. Pa 2004); *Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. 2003); *Samuel-Bassett v. Kia Motors America, Inc.,* 212 F.R.D. 271 (E.D. Pa. 2000), *vacated on other grounds*; *Oslan v. Law Offices of Mitchell N. Kay,* 232 F. Supp. 2d 436 (E.D. Pa. 2002); *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109 (E.D. Pa. 2002); *Saunders v. Berks Credit & Collections*, 2002 WL 1497374 (E.D. Pa. 2002); *Schilling v. Let's Talk Cellular and Wireless*, 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002); *Fry v. Hayt, Hayt and Landau*, 198 F.R.D. 461 (E.D. Pa. 2000); *Smith v. First Union Mortgage Corporation*, 1999 WL 509967 (E.D. Pa. 1999); and *Miller v. Inovision*, C.P. Phila. County, December Term, 1999, No. 3504.

Second, there is nothing to suggest that the representative Plaintiff has any interest antagonistic to the vigorous pursuit of the Class claims against the Defendant.[3]  Plaintiff shares with the Class the interest in establishing that the Defendants' collection tactics violate the law. Accordingly, the representative Plaintiff adequately represents the interests of the Class.

**C.**     **The Conditions of Rule 23(b)(2) and (3) Have Been Met**

In addition to meeting the prerequisites of Rule 23(a), an action must satisfy at least one of the three conditions of subdivision (b) of Rule 23.  Plaintiff proceeds here under Rule 23(b)(2) and (3) which provide in pertinent part:

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * *
>
> (2)     the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3)     the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . .

Fed. R. Civ. P. 23(b)(2), (3).

This action qualifies as a class action under Rule 23(b)(2) because the sending of Defendant's form Letter is an action of general applicability to all members of the Class.  Other decisions have recognized the availability of Rule 23(b)(2) certification in FDCPA cases. See, e.g., Piper v. Portnoff Law Associates, Ltd., 215 F.R.D. 495 and 216 F.R.D. 325 (E.D. Pa. 2003).

---

[3] Because of the difficulty in proving the negative, it is Defendants' burden to prove any antagonism.  See Lewis, 671 F.2d at 788.

This action also qualifies for certification under Rule 23(b)(3).[4]  As discussed above, there are numerous questions of law and fact common to the Class.  Once common questions of liability are resolved, all that remains is the mechanical act of computing the amount of damages suffered by each Class member.  See Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir. 1975), cert. denied, 429 U.S. 891 (1976).

Plaintiff has alleged a uniform practice and policy conducted by the Defendant against Plaintiff and the Class members.  Accordingly, the issues of law and fact which flow from Defendant's uniform activity predominate over any individual issue.  Common issues predominate over individual issues where plaintiffs have alleged a common course of conduct on the part of a defendant.  Prudential, 148 F.3d at 314-315.

In addition to finding the predominance of common questions, Rule 23(b)(3) also requires that the Court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  It has been widely recognized that a class action is superior to other available methods – particularly, individual lawsuits – for the fair and efficient adjudication of a suit that affects a large number of persons injured by violations of consumer protection laws or common law.  Prudential, 148 F.3d at 316.  Consumer class actions such as the case at bar easily satisfy the superiority requirement of Rule 23.  See Lake v. First Nationwide Bank, 156 F.R.D. 615, 626 (E.D. Pa. 1994) (public interest in seeing that rights of consumers are vindicated favors disposition of claims in a class action).

---

[4] Courts have often certified classes for the purposes of both equitable relief and damages.  Crempan v. Automobile Club, 22 FEP Cas (BNA) 180 (E.D. Mich. May 19, 1977) (in employment discrimination case, (b)(2) class certified for injunctive relief and (b)(3) class certified for back pay); see also Williams v. Empire Funding Corp, 183 F.R.D. 428, 436, n.14 (E.D. Pa. 1998).

Defendant has violated the rights of large number of geographically dispersed persons to such an extent that the cost of pursuing individual litigation to seek recovery against a well-financed adversary is not feasible. Thus, the alternatives to a class action are either no recourse for thousands of injured consumers, or even in the unlikely event that they all become aware of their rights and could locate counsel, a multiplicity of scattered suits resulting in the inefficient administration of litigation. Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of this matter.

There is no question but that this class action would be easily manageable. This case presents no manageability difficulties that would preclude class certification.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion for an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed Class of individuals defined herein, and certifying Plaintiff Deborah Wisneski as a proper representative of the Class.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Date: June 1, 2004					Attorneys for Plaintiff and the Class