IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH J. WISNESKI, ET AL., : | | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | |
| : | NO.  04-0948 |
| NATIONWIDE COLLECTIONS, INC., : | |
| Defendant. : | |
| : | |

**MEMORANDUM**

**GREEN, S.J.**                                                                                                              **July 26, 2004**

Presently before the court is Plaintiffs' Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23, and Defendant's Response thereto.  For the reasons set forth below, Plaintiffs' Motion will be granted.

**I.     FACTS AND PROCEDURAL BACKGROUND**

Plaintiffs' filed a motion seeking class certification for claims brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") The proposed class consists of all persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the March 3, 2004 filing of the Complaint, Defendant sent debt collection letters or other communications in an attempt to collect a non-business debt.  Plaintiffs allege that the letters sent by Defendant were false, misleading, and unfair, in violation of the FDCPA.  The FDCPA limits recovery in class actions as follows: the named plaintiff may recover actual damages and additional damages not to exceed $1,000, while the class, collectively, may recover only the lesser of $500,000 or one percent (1%) of the net worth of the debt collector.  15 U.S.C. § 1692(g).

Plaintiffs seek an order from this court certifying the above-captioned matter as a class

action and approving Lead Plaintiff Deborah Wisneski ("Wisneski") as class representative. Wisneski was sent a collection letter from Defendant on or about December 24, 2003.

## II.   DISCUSSION

### A. Requirements for a Class Action

Rule 23(a) provides four prerequisites to a class action:

(1) the class is so numerous that joined of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In addition, the court must find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Id. at subsection (b)(3).

#### 1. Numerosity (Rule 23(a)(1))

When the exact size of a class is unknown, a Court may accept a common sense determination in order to support the finding of numerosity.  Moskowitz v. Lopp, 128 F.R.D. 624 (1989).  In the present case, Plaintiffs allege that the number of persons to whom Defendants sent collection letters number in the thousands.  Defendant does not dispute this allegation, and as such, this court concludes that joinder of all members of the Class is impracticable.  Therefore, the numerosity requirement has been met.

#### 2. Commonality (Rule 23(a)(2))

Commonality requires that the named plaintiffs share at least one question of law

with the claims of the prospective class. Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994). In the present case, Plaintiffs allege that a standard letter sent by Defendant, to each member of the proposed class, was unfair and deceptive, in violation of the FDCPA. This court therefore concludes, and Defendants do not dispute, that common questions exist as to whether Defendant's conduct was unlawful. Therefore, the commonality requirement has been satisfied.

### 3. Typicality (Rule 23(a)(3))

Typicality requires that the claims of the class representative be typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). Plaintiff alleges a pattern of wrongdoing, and the claims are based on the same form letter. Therefore, the court concludes, and Defendant does not dispute, that claims of the class representative are typical of the claims of the class. The typicality requirement is therefore met.

### 4. Adequacy of Representation (Rule 23(a)(4))

"Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." Weiss v. York Hosp., 745 F.2d 786, 811 (3d Cir. 1984). Defendant does not dispute either that Plaintiff's attorneys are qualified, or that Plaintiff is an adequate representative of the class. Therefore, the court concludes that the adequacy requirement has been satisfied.

### 5. Superiority (Rule 23(b)(3))

A proposed class action must be a superior method of adjudicating the claims of the class. Fed.R.Civ.P. 23(b)(3). Defendants sole argument against class certification is that a class action is not a superior means of adjudicating this matter, since the FDCPA

limits recovery to the class (other than the named plaintiff) to one percent of the debt collectors net worth, which Defendant claims to be zero.

Defendant offers its 2002 and 2003 IRS Forms 1120 as proof that they have a net worth of zero. (Defendant's Exhibit 2). Defendant argues that these balance sheets, which show assets and liabilities, is the proper measure of their net worth. They point to a number of cases from the Seventh Circuit which define net worth as the difference between assets and liabilities as derived from a company's financial statements when prepared in accordance with generally accepted accounting principles. Both balance sheets provided by Defendant show that their assets equal their liabilities. (Defendant's Exhibit 2).

Defendant's argument is unpersuasive. I do not believe that Congress intended to allow a company to avoid a class action litigation arising under the FDCPA by presenting a balance sheet which shows that assets equal liabilities; such a demonstration is the nature of a balance sheet. I would include equity, capital stock, and goodwill into the calculation of a company's net worth for these purposes. Under this analysis, Defendants balance sheet clearly indicates that they have net worth in the form of common stock and equity, as well as whatever good will Defendant has established as a company.

### III.   CONCLUSION

For the reasons discussed above, the court concludes that Plaintiffs have met the requirements of Fed.R.Civ.P. 23 for class action certification as to their claims arising under the FDCPA. The Class shall consist of all persons in the Commonwealth of Pennsylvania who, at any time from March 3, 2003 through and including March 3, 2004, received a debt collection letter from Defendant as part of an attempt to collect a non-

business debt, with Deborah Wisneski as class representative, and James Francis and the firm of Francis & Mailman, P.C. as counsel for the Class. Officers and directors of Defendant are excluded from the Class. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH J. WISNESKI, ET AL., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-0948 |
| NATIONWIDE COLLECTIONS, INC., | : | |
| Defendant. | : | |
| | : | |

## ORDER

**AND NOW**, this ____ day of July, 2004 upon consideration of Plaintiffs' Motion for Class Certification, **IT IS HEREBY ORDERED** that said Motion is **GRANTED**. This action s certified as a Class Action pursuant to Federal Rule of Civil Procedure 23, said Class consisting of all persons in the Commonwealth of Pennsylvania who, at any time from March 3, 2003 through and including March 3, 2004, received a debt collection letter from Defendant as part of attempt to collect a non-business debt, with Deborah Wisneski as class representative, and James Francis and the firm of Francis & Mailman, P.C. as counsel for the Class. Officers and directors of Defendant are excluded from the Class.

BY THE COURT:

_____
CLIFFORD SCOTT GREEN, S.J.